## BUD CARVER v. THE STATE.

### No. 1485.   Decided December 9th, 1896.

**1.   Continuance—Theft—Purchase.**

On a trial for theft of cattle, an application for continuance, to procure the testimony of witnesses to prove a purchase by defendant, which fails to state the time and place of the purchase is indefinite and very general.

**2.   Same—When Testimony is Not Probably True.**

An application for continuance will be held to have been properly overruled, when, in connection with the evidence adduced on the trial, it is apparent that the proposed absent testimony would not be probably true.

**3.   Improper Argument of Counsel.**

Where improper remarks have been made by counsel in argument, they will constitute no grounds for reversal, where it appears that the court promptly reprimanded counsel, withdrew the remarks from the jury, and instructed them to wholly disregard the same.

**4.   Charge of the Court.**

A defendant cannot be heard to complain that the court charged the jury upon all the various theories defensively presented by him and raised as issues by his evidence.

APPEAL from the District Court of Atascosa.   Tried below before Hon. W. W. WALLING, Special Judge.

Appeal from a conviction for theft of two head of cattle; penalty, three years' imprisonment in the penitentiary.

The indictment charged appellant with the theft of the cattle about the 22nd of May, 1887, and alleged the ownership in one J. M. White. Appellant forfeited his appearance bond in 1887, and went to Mexico, and resided there until July, 1896, when he was extradited.

The matters relating to his application for continuance are fully stated in the opinion. The case is concisely stated, as to its material features, in the opinion, and a further statement is unnecessary.

*W. O. Read,* for appellant, filed an able and interesting brief.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

DAVIDSON, JUDGE.—Appellant was convicted of the theft of two head of cattle, and prosecutes this appeal. When the case was called for trial, the defendant filed and presented an application for a continuance of the cause on account of the absence of several witnesses, by whom he expected to establish the fact that he had bought the animals charged to have been stolen from one Ventura Verra. He expected to prove this by one or two of the witnesses, and by the other witnesses collateral circumstances, showing that this man Verra had possession of the property before the purchase was made by appellant. In stating the circumstances attending his purchase, he utterly fails to state the time or place where this purchase occurred. In this respect the application is indefinite, and very general. On the trial of the case he proved by one Ariola that in the spring of 1887 he had two beef steers, then six years old, running near his place, in Atascosa County, about eight or ten miles northeast from Pleasanton; that witness had sold these steers to the defendant about three years before this time, and they had come back in their range, and had remained there. In May or June of 1887, the defendant came to the witness' house, penned and yoked these steers together, and drove them away, stating at the time that he intended to take them to San Antonio, These two animals were branded in the brand of the witness, Ariola, and they had no other brand upon them. What that brand was is not stated. These steers were not work oxen, and were not broke to work, but looked like work oxen. The cattle stolen were old, gentle, broke, work oxen, one branded ℗ and the other branded $\boxed{\phantom{i}{}^{\circ}\phantom{i}}$. It will be seen that these animals were in different brands, and were not shown to have been branded in Ariola's brand, or in a similar brand. By the witness, Collins, one of the witnesses for whom he sought a continuance, but who was present at the trial, he proved that he (Collins) visited in San Antonio a strange Mexican, who offered to sell him a yoke of oxen similar to those described, charged to have been stolen, but whose brands he did not state, and did not notice. He did not buy the oxen, and shortly afterwards—perhaps the next day—he saw the defendant in possession of said oxen in the corral in San Antonio; and the witness says, "I told him (defendant) they were the oxen I had gone to look at the day before. He told me

he had that day bought them from a Mexican." One of the oxen was a red and white spotted ox, and the other was a brown or black, and were both "staggish in appearance." This corresponds with the description given by the owner of the two oxen stolen. It will be noted from these statements that defendant proposed to prove by Verra that he (Verra) had sold him the stolen property; and by Collins that he bought these oxen in San Antonio, from this unknown and unnamed Mexican; and by Ariola that he bought a couple of unbroken steers . from him three years before, which he drove away from Atascosa County. In this connection it is shown (and undisputed) that defendant was seen driving these oxen from the neighborhood where they were stolen, and about the time they were stolen. Then, if the testimony expected to be proved, as set out in the application for a continuance, had been set out with sufficient definiteness, still we have these various conflicting statements contained in the application, and given by the witnesses on the stand, which would indicate that the testimony of the absent witnesses with reference to the purchase from Verra is not probably true; but, if true, the evidence shows appellant was in possession of the oxen prior to this supposed purchase. It seldom occurs that as many conflicting statements will be found in a record in reference to a transaction as is developed in the case before us. Viewing the action of the court in overruling the application for a continuance from the standpoint of the motion for a new trial, we are of opinion that the court ruled correctly in refusing the application. Appellant reserved two bills of exception to the remarks of the State's counsel. These remarks, to some extent, were improper, and ought not to have been made by said counsel. The court, however, promptly reprimanded counsel, and withdrew the remarks from the consideration of the jury, and instructed them to wholly disregard the same. In this, we think, there was no such error as required a reversal of the judgment. It is contended that the charge of the court was erroneous in submitting to the jury the theory that the defendant bought the cattle in San Antonio. This was the evidence of the witness, Collins, and the court properly submitted that, along with his other theory that he bought the cattle from Ariola. These were his defensive matters. He put them in evidence, raised the issues, and we think the court properly instructed the jury upon all of the various theories defensively presented by him. The evidence fully supports the conviction, and the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]