### ED DONLEY v. THE STATE.

No. 2614. Decided January 28, 1903.

**1.—Rape of Female Under Fifteen Years of Age—Accomplice Testimony—Charge.**

On a trial for rape of a female under 15 years of age, the prosecutrix can in no sense be considered an accomplice, and the court is not required to charge the law of accomplice testimony as to her evidence. The statute absolves her from any character of criminality.

**2.—Same—Adultery.**

Carnal intercourse with a female under 15 years of age, if continuous, does not constitute adultery so as to make her a particeps criminis. Each act of criminal intercourse is a separate offense, and is rape and nothing else.

**3.—Same—Evidence as to Age of Prosecutrix.**

On a trial for rape of a female under 15 years of age, proof of her age may be made by evidence of collateral facts occurring at the time of her birth, or by proof of contemporaneous events with the date sought to be proved, and it is error to exclude such evidence.

**4.—Same.**

It is competent to prove by witnesses, that, from their acquaintance with prosecutrix eight years ago, and from her size and appearance at that time, it was their belief that she was then 8 years old. Such evidence should have been admitted.

**5.—Same.**

Hearsay is admissible as to the age of a party when based upon information derived from relatives of the party, when such relatives are dead.

Appeal from the Criminal District Court of Dallas. Tried below before Hon. Charles F. Clint.

Appeal from a conviction of rape of a female under 15 years of age; penalty, thirty-five years imprisonment in the penitentiary.

The indictment charged appellant with the rape of Maud Foust, a female so mentally diseased as to have no will to oppose the act of car-

nal knowledge, and who was also under 15 years of age at the time of the commission of the offense.

No statement necessary.

*P. M. Stine* and *M. M. Minyard*, for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of rape, and given thirty-five years in the penitentiary.

In bill number 1 appellant insists that the court should have charged the prosecutrix was an accomplice. Under article 633, Penal Code, it is made rape to have carnal intercourse with a female under the age of 15 years, with or without her consent, she not being the wife of the accused. No case can be found where it requires the court to treat the prosecutrix as an accomplice, and charge the law of accomplice testimony in reference to her evidence. Hamilton v. State, 36 Texas Crim. Rep., 372. However, we note appellant insists that if intercourse should continue a week it might make a case of adultery, and that prosecutrix in that instance would become a particeps criminis to the crime of adultery, and thereby made an accomplice to rape. This argument is sophistical. The statute saying it is rape upon her, whether she consents or not, absolves her from any character of criminality; and if this crime on the part of appellant was continued, it would still be rape and nothing else. Each act of criminal intercourse constitutes a separate offense. Where one is an accomplice, the law contemplates some character of criminality, some gulty participancy in the crime or knowledge of its commission or some advice or assistance given to consummate the crime. But the statute defining rape upon a female under the age of 15 years precludes all these, and necessarily precludes any thought of prosecutrix being an accomplice.

The second bill of exceptions complains that after defendant had introduced Mr. and Mrs. Arney, and proved by them that they first knew of prosecutrix eight years ago; that they lived a close neighbor to her about a year; that their little girl and prosecutrix played together daily; and thereupon defendant offered to prove further, and could have proved by said witnesses, that their daughter is now 16 years old, and that at that time (eight years ago) prosecutrix was larger and looked much older than their daughter. To which evidence the State objected, upon the ground that the age of prosecutrix could not be proved in that manner, which objections were sustained by the court. In Bice v. State, 37 Texas Crim. Rep., 38, we held, on a trial for rape, where the age of prosecutrix was an issue, it was competent for a witness to state that at a certain time, when prosecutrix was an infant, she could not have been over four or five months old, judging from the comparison of her age with the child of his brother's wife, who was on a visit to his father's house at the same time, and which child he knew

to be four or five months old at that time. We further held that the testimony of a physician who was well acquainted with prosecutrix was competent and admissible to the effect that at the time of the alleged carnal intercourse, judging from the physical appearance, size, and development of prosecutrix she was a young woman of about the age of 17 or 18 years. It follows, therefore, that the evidence sought and attempted to be introduced by appellant should have been permitted by the court; and for a full discussion of this question see the case cited. We will add that it is an axiomatic rule of evidence that, where a party attempts to prove age, he can do so by citing collateral facts that occurred at the time of the birth of the child, or if he proposes any other date, he can cite contemporaneous events with the date sought to be proved. The court erred in excluding this testimony.

This bill also complains that the court erred in refusing to permit appellant to prove by the Arneys, from their acquaintance with Maud Foust, prosecutrix, eight years ago, and from her size and appearance at that time it was their opinion that she was then 8 years old. This testimony should have been admitted. It is true that this, as insisted by the State, would be merely the opinion of the witnesses; but this would merely go to its weight and not to its admissibility.

Appellant also insists that the court erred in refusing to permit appellant to prove by Howard Page that he had known prosecutrix twelve years, and that she was sixteen years old; that the reason he knew she was over 16 years old was that he had heard her brother, Sam Foust, say that she was that age. In Nunn v. Mays, 9 Texas Civ. App., 366, it was held: "To prove pedigree, hearsay is admissible, when based upon information derived from deceased's relatives of the party in question or from his family history; but unless it is shown to come from one or the other of these sources, it should be rejected. We apprehend that the same rule applies to proof of age; and unless the brother was dead his declarations as to the age of prosecutrix would not be admissible." Tull v. State, 55 S. W. Rep., 61.

We do not deem it necessary to review the other errors assigned. For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*