ELLIS CLARDY V. THE STATE.

No. 1722.   Decided May 1, 1912.

Rehearing Denied May 29, 1912.

**1.—Rape—Continuance—Other Transactions—Age of Consent.**

Upon trial of rape, there was no error in overruling a motion for continuance on the ground of absent testimony to show that the prosecuting witness had intimate relations with one of the absent witnesses. This would be no defense in a rape case upon a female under the age of consent.

**2.—Same—Evidence—Continuance.**

Where defendant expected to show by the absent testimony that the wit-

ness who was suspected of having had intercourse with prosecutrix had left the country, there was no error in overruling the motion, in a trial for rape on a female under the age of consent.

### 3.—Same—Evidence—Hearsay.

Where the testimony of the absent witness was hearsay and inadmissible, there was no error in overruling a motion for continuance.

### 4.—Same—Evidence—Collusion.

Where there was no issue of collusion on the part of the absent witnesses and prosecutrix to prosecute the defendant for rape, there was no error in overruling an application for continuance for the absence of the hearsay testimony of said witnesses.

### 5.—Same—Evidence—Other Transactions.

Where, upon trial of rape on a female under the age of consent, defendant claimed, in his motion for continuance, that he could show by the absent testimony that prosecutrix had intercourse with some other person than defendant prior to the time alleged in the indictment, there was no error in overruling the motion. Besides, prosecutrix had not been examined thereon.

### 6.—Same—Other Acts of Sexual Intercourse.

Other acts of sexual intercourse prior to the one alleged in the indictment are admissible in evidence, and there was no error upon trial of rape upon a female under age of consent to permit the State to ask prosecutrix if the alleged act of intercourse with defendant was the first she had with him, etc. Following Battles v. State, 63 Texas Crim. Rep., 147.

### 7.—Same—Evidence—Bill of Exceptions.

Where, upon trial of rape, the defendant asked a continuance to show an alibi, but the court's qualification of the bill as accepted by the defendant showed that the witness was probably in attendance of court and that if not so in attendance, the absent testimony was probably not true, there was no error in overruling the motion.

### 8.—Same—Rule Stated—Discretion of Court.

Under Article 597, Code Criminal Procedure, an application for continuance is not a matter of right as it was before the amendment of said article, but is addressed to the sound discretion of the court, and where the absent testimony is not probably true, there was no error in overruling a motion for new trial based on an application for continuance of such testimony.

### 9.—Same—Evidence—Bill of Exceptions.

Where the bill of exceptions did not show that the absent witness would have testified as to the defendant's whereabouts on a specific date and that this was the day upon which the alleged crime occurred, there was no error in overruling the motion for continuance; the date alleged in the indictment not precluding the State from showing that the offense occurred within a time not barred by limitation.

### 10.—Same—Evidence—Unwilling Witness—Leading Question.

Where the State's witness was a most unwilling and a reluctant witness, there was no error in permitting the State to ask leading questions.

### 11.—Same—Evidence—Acts of Intimacy.

Upon trial of rape upon a female under the age of consent, there was no error to show acts of intimacy not amounting to sexual intercourse between defendant and prosecutrix. Following Battles v. State, 63 Texas Crim. Rep., 147.

### 12.—Same—Sufficiency of the Evidence.

Where, upon trial of rape the evidence sustained the conviction, there was no error.

Appeal from the District Court of Clay. Tried below before the Hon. P. A. Martin.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Wantland, Parrish & Moss* and *Will Hancock,* for appellant.—On question of continuance: Hollis v. State, 9 Texas Crim. App., 643; Holder v. State, 13 id., 601; Pressley v. State, 60 Texas Crim. Rep., 102; Keys v. State, id., 279.

On question of asking leading question: Goodsoe v. State, 52 Texas Crim. Rep., 626; Garrett v. State, id., 255; Ripley v. State, 51 id., 126.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of the offense of rape on a girl under fifteen years of age, and his punishment assessed at five years confinement in the penitentiary.

The evidence would show that Ada Beavers was under fifteen years of age, there being no evidence to the contrary, and she testified that appellant had intercourse with her on the last Saturday in June, 1911.

1. Appellant was indicted, and the bill returned into court on the 24th day of October, 1911, and on that day the case was set for trial on October 30. When the case was called for trial appellant moved to postpone or continue the case on account of the absence of the following named witnesses, for whom he had subpoenas issued on the 26th day of October: Ross Edwards, Leonard McFaniel, Dr. Ledbetter, John Johnson, Frank Draper, and appellant's wife, Mrs. Ida Clardy. He states he expects to prove by the witness John Johnson that the prosecuting witness had had carnal intercourse with Charlie Johnson, and that defendant believes said witness will testify that prosecuting witness had intimate relations with Sam Jones. This would be no defense in a rape case. If both Charlie Johnson and Sam Jones had intercourse with the prosecuting witness they would also be guilty of statutory rape, and the fact they might be guilty of the offense also would not excuse nor justify defendant if he also had intercourse with her, nor would said testimony tend to show that he had not had intercourse with her. When the prosecuting witness was on the stand she was not asked if she ever had intercourse with Charlie Johnson or Sam Jones, and neither of them testified in the case, and the record being in this condition, if the witness John Johnson had been present, his testimony would not have been admissible for impeachment or any other purpose.

By the witness Ross Edwards it is stated it is expected to be proven that Sam Jones had left the country. This would not have been a material issue in the case as made by this record.

Vol. LXVI Crim.—23.

By the witness Draper it is stated it is expected to be proven that Charlie Johnson had told him (Draper) that if anybody got in trouble about the prosecuting witness it would be defendant. Charlie Johnson was not a witness, and his statement to Draper would have been hearsay and inadmissible. The prosecuting witness is asked no question in her examination about intercourse with any other person than appellant, on either direct or cross-examination.

By Leonard McDaniel it is stated it is expected to be proven statements of Charlie Johnson and Sam Jones. This would be hearsay. The evidence in the case must raise some issue of collusion or conspiracy on the part of Charlie Johnson, Sam Jones and the prosecuting witness to prosecute appellant for this offense before any of this testimony would be admissible. There is no such evidence in the record, not even an intimation of such facts in the testimony, and the prosecuting witness testified and she was asked nothing in regard to any such conspiracy or collusion.

By the witness Dr. Ledbetter it is stated that defendant expects to prove that the prosecuting witness was pregnant and had a miscarriage, and that it would show that some person had had intercourse with her prior to the time alleged in the indictment. This would be no defense, if defendant had intercourse with her, as she was under the age of fifteen. Besides, by the testimony it is shown that defendant was intimate with the prosecuting witness long prior to the date alleged in the indictment. In defendant's bill No. 3, it being shown that after the prosecuting witness had testified that about the last of February she had met defendant at the same place she met him at the date alleged in the indictment, and that she had met him at the same place every Saturday from that time until the last Saturday in June, the State asked the witness, in the presence and hearing of the jury: "If the act of intercourse the last Saturday in June was the first act of intercourse defendant had had with her," which was objected to by defendant, and the objection sustained. The court was in error in sustaining the objection (Battles v. State, 63 Texas Crim. Rep., 147, 140 S. W. Rep., 783, published since the trial of this case), but enough was admitted to show that the testimony that it was expected to be proven by Dr. Ledbetter by defendant would and could not have been material to his defense, but the testimony would have strengthened the case for the State.

2. The only other witness alleged in the application to be absent is the wife of appellant by whom defendant states he can prove that defendant was at their home in Jack County on July 24, the date alleged in the indictment, and that he was not in Clay County with prosecutrix. This would be admissible, and might be material, but the court in approving the bill of exceptions to the order overruling the motion qualifies it thus:

"The above and foregoing bill of exceptions is approved with the following qualifications. Upon overruling the motion to postpone the

court directed process to be issued and placed in the hands of the sheriff, instanter, and directed the sheriff to phone such process to the proper officers. Before the close of the trial Dr. Ledbetter arrived and many other witnesses were in attendance upon the court and were sworn for the defendant; none of them were used by him but he closed his case when the State closed. None of the witnesses named in the application were called by defendant, and no further request for postponement was then made and none of those present were used by him, and the court believes the witnesses should have been called to ascertain whether they were present or not. Defendant himself did not deny his guilt, and in the light of all the circumstances, the court believed that the absent testimony, even if procurable, was not probably true."

The appellant accepts the bill as thus qualified, and he is bound by the recitals in the qualification under an unbroken line of decisions in this court. (Blain v. State, 34 Texas Crim. Rep., 448; Hardy v. State, 31 Texas Crim. Rep., 289; Levine v. State, 35 Texas Crim. Rep., 647; Brown v. State, 32 Texas Crim. Rep., 119.) By the qualification it is seen that at the time the motion was overruled, the court ordered additional process to issue, and that at least a portion of the witnesses named in the application were in attendance, if not all of them, and the ones in attendance were not introduced as witnesses, after seeking to continue on account of their absence. The record being in this condition, we can not tell whether the attendance of Mrs. Clardy was secured or not; neither can we say that the court was in error in holding that it was not probably true that the witness would have so testified, inasmuch as those who were obtained were not called and did not testify to facts alleged they would testify. Prior to the amendment of subdivision 6 of article 597 of the Code of Criminal Procedure, when the first application was good on its face, it was a matter of right, but since the amendment of that section it has been uniformly held that a continuance is not awardable as a matter of right, but the truth, merit and sufficiency of the application are matters now addressed to the sound discretion of the court. (Abrigo v. State, 29 Texas Crim. App., 143.) And it has also been uniformly held that when a motion for new trial is based upon the refusal of the court to grant a continuance, in considering it, the court is required by subdivision 6 of article 597 to consider and measure it as to materiality and probable truth by the testimony adduced on the trial, and if it is probably not true, the continuance will be held properly overruled. Carver v. State, 36 Texas Crim. Rep., 552, and cases cited in subdivision 2 of section 643 of White's Ann. Procedure.

2. The bill of exceptions to the overruling the motion for new trial is incomplete in one particular. In the application it is stated that Mrs. Clardy would testify as to defendant's whereabouts on a specific day, July 24, and while in the indictment the date is fixed as "on or about July 24," yet under our law any date for one year prior to the

filing of the indictment could have been proven, and if as a fact the prosecuting witness testified on the trial to the occurrence taking place on July 24, the bill should have so shown. In so far as the law is concerned, and the bill, the witness on the trial may have testified to a wholly different date, and as we are not permitted to refer to the statement of facts in aid of a bill, it may be that this testimony, in the light of the trial, appeared wholly immaterial, for the prosecuting witness may have fixed the date at any time prior to the filing of the indictment in October, so that it was not barred by the statute of limitation. As presented, we can not say that the trial court erred, for the presumption is that he is correct in his ruling, and the error, if any, must be pointed out in the bill of exceptions, or in the motion for new trial.

3. In bill No. 2 the defendant objected to the State being permitted to ask the prosecuting witness certain leading questions. The court, in approving the bill, states that "the witness was one of the most unwilling and reluctant witnesses he had ever seen on the stand. She wept, hung her head down, and for a long time State's counsel could hardly get an answer to any question. She appeared to be but an ignorant child, and for these reasons the court permitted leading questions." As thus presented there was no error in the ruling of the court.

4. By bills of exceptions Nos. 3, 4, and 5 objections were made to the State being permitted to show acts of intimacy not amounting to intercourse between appellant and prosecuting witness. This testimony has always been held to be admissible by this court. For authorites, see cases cited in Battles v. State, 63 Texas Crim. Rep., 147, 140 S. W. Rep., 783. There is no complaint of the charge of the court, no special charge was requested, and the evidence is sufficient to sustain the verdict.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 29, 1912.—Reporter.]