The inquiry as to whether the work of assembling the data and fixing the geographical center was performed in person by the Commissioner of by an employé was wholly irrelevant and should not have been permitted.

---

CLARDY v. STATE.

(Court of Criminal Appeals of Texas. May 1, 1912. Rehearing Denied May 29, 1912.)

1. RAPE (§ 40*)—EVIDENCE—DEFENSE.

In a trial for rape on a female under 15 years of age, evidence that she has had prior intercourse with others than the defendant presents no defense and is inadmissible on the main issue.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 55–59; Dec. Dig. § 40.*]

2. WITNESSES (§ 351*)—EVIDENCE—IMPEACHMENT.

Where the prosecutrix was not asked if she had had intercourse with another, evidence to show intercourse with others was inadmissible to impeach her.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1150, 1151; Dec. Dig. § 351.*]

3. CRIMINAL LAW (§§ 419, 420*)—EVIDENCE—HEARSAY.

A statement made to a witness by a third party that if any one got into trouble about the prosecutrix it would be defendant was hearsay and inadmissible in a rape case in the absence of proof of conspiracy or collusion between such witness and the prosecutrix to prosecute the defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 973–983; Dec. Dig. §§ 419, 420.*]

4. RAPE (§ 40*)—EVIDENCE—ADMISSIBILITY.

In a prosecution for rape on a female under the age of consent, evidence whether the act of intercourse testified to by the prosecutrix was the defendant's first act of intercourse with her was admissible.

[Ed. Note.—For other cases, see Rape, Cent. Dig. §§ 55–59; Dec. Dig. § 40.*]

5. CRIMINAL LAW (§ 1170*)—APPEAL AND ERROR—HARMLESS ERROR—EXCLUSION OF TESTIMONY.

The improper exclusion of testimony was harmless to accused where such testimony was not material to the defense and would have strengthened the case of the state.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3145–3153; Dec. Dig. § 1170.*]

6. CRIMINAL LAW (§ 1118*)—APPEAL AND ERROR — RECORD — REFUSAL OF CONTINUANCE.

Where a continuance applied for on the ground of absent witnesses was refused, and the records showed that some of these witnesses were present at the trial and not called, but failed to show whether all of them were present, the reviewing court could not say that the refusal of the continuance was error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2926; Dec. Dig. § 1118.*]

7. CRIMINAL LAW (§ 1111*)—APPEAL AND ERROR—BILL OF EXCEPTIONS.

An appellant who accepts a bill of exceptions as qualified by the trial judge is bound by the qualifications.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2894–2896; Dec. Dig. § 1111.*]

8. CRIMINAL LAW (§ 1144*)—APPEAL AND ERROR — BILL OF EXCEPTIONS — REFUSAL OF CONTINUANCE.

Where the bill of exceptions to the refusal of a continuance stated that an absent witness would testify as to defendant's whereabouts on a specific day, while the indictment fixed the date of the offense as on or about that day, and the statute authorized a conviction if the offense was committed on any date within one year prior to the filing of the indictment, the reviewing court could not say that it was error to refuse the continuance; it being presumed, since the bill of exceptions did not affirmatively show the materiality of the testimony of the witness, that the ruling of the trial court was correct.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2781, 2901, 3016–3037; Dec. Dig. § 1144.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

9. WITNESSES (§ 244*)—EXAMINATION—LEAD-
ING QUESTIONS.
Where the prosecutrix was a very unwill-
ing and reluctant witness and apparently but
an ignorant child, the court properly permitted
the state to ask leading questions.
[Ed. Note.—For other cases, see Witnesses,
Cent. Dig. §§ 795, 848; Dec. Dig. § 244.*]

10. RAPE (§ 44*)—EVIDENCE—PERSONAL RELA-
TIONS.
Evidence was admissible in a rape case as
to other acts of intimacy not amounting to in-
tercourse between the defendant and prosecu-
trix.
[Ed. Note.—For other cases, see Rape, Cent.
Dig. § 63; Dec. Dig. § 44.*]

Appeal from District Court, Clay County;
P. A. Martin, Judge.

Ellis Clardy was convicted of rape, and he
appeals. Affirmed.

Wantland, Parrish & Moss, of Henrietta,
and Will Hancock, of Waxahachie, for ap-
pellant. C. E. Lane, Asst. Atty. Gen., for
the State.

HARPER, J. Appellant was indicted,
tried, and convicted of the offense of rape on
a girl under 15 years of age, and his punish-
ment assessed at five years confinement in the
penitentiary. The evidence would show that
Ada Beavers was under 15 years of age, there
being no evidence to the contrary, and she
testifies that appellant had intercourse with
her on the last Saturday in June, 1911.

1. Appellant was indicted and the bill re-
turned into court on the 24th day of October,
1911, and on that day the case was set for
trial on October 30th. When the case was
called for trial, appellant moved to postpone
or continue the case on account of the ab-
sence of the following named witnesses, for
whom he had subpœnas issued on the 26th
day of October: Ross Edwards, Leonard
McDaniel, Dr. Ledbetter, John Johnson,
Frank Draper, and appellant's wife, Mrs.
Ida Clardy.

[1] He states he expects to prove by the
witness John Johnson that the prosecuting
witness had had carnal intercourse with
Charlie Johnson and that defendant believes
said witness will testify that prosecuting wit-
ness had intimate relations with Sam Jones.
This would be no defense in a rape case.
If both Charlie Johnson and Sam Jones had
intercourse with the prosecuting witness,
they would also be guilty of statutory rape,
and the fact they might be guilty of the
offense also would not excuse nor justify de-
fendant if he also had intercourse with her,
nor would said testimony tend to show that
he had not had intercourse with her.

[2] When the prosecuting witness was on
the stand, she was not asked if she ever had
intercourse with Charlie Johnson or Sam
Jones, and neither of them testified in the
case, and the record being in this condition,
if the witness John Johnson had been pres-
ent, his testimony would not have been ad-

missible for impeachment or any other pur-
pose.

By the witness Ross Edwards it is stated
it is expected to be proven that Sam Jones
had left the country. This would not have
been a material issue in the case as made by
this record.

[3] By the witness Draper it is stated it is
expected to be proven that Charlie Johnson
had told him (Draper) that, if anybody got
in trouble about the prosecuting witness, it
woud be defendant. Charlie Johnson was not
a witness, and his statement to Draper would
have been hearsay and inadmissible. The
prosecuting witness is asked no question in
her examination about intercourse with any
other person than appellant, on either direct
or cross-examination.

By Leonard McDaniel it is stated it is ex-
pected to be proven statements of Charlie
Johnson and Sam Jones. This would be
hearsay. The evidence in the case must
raise some issue of collusion or conspiracy
on the part of Charlie Johnson, Sam Jones,
and the prosecuting witness to prosecute ap-
pellant for this offense before any of this
testimony would be admissible. There is no
such evidence in the record, not even an in-
timation of such facts in the testimony, and
the prosecuting witness testified and she was
asked nothing in regard to any such con-
spiracy or collusion.

By the witness Dr. Ledbetter it is stated
that defendant expects to prove that the
prosecuting witness was pregnant and had a
miscarriage, and that it would show that
some person had had intercourse with her
prior to the time alleged in the indictment.
This would be no defense if defendant had
intercourse with her, as she was under the
age of 15. Besides, by the testimony it is
shown that defendant was intimate with the
prosecuting witness long prior to the date al-
leged in the indictment.

[4] In defendant's bill No. 3, it being
shown that, after the prosecuting witness
had testified that about the last of February
she had met defendant at the same place
she met him at the date alleged in the in-
dictment, and that she had met him at the
same place every Saturday from that time
until the last Saturday in June, the state
asked the witness, in the presence and hear-
ing of the jury, "If the act of intercourse
the last Saturday in June was the first act
of intercourse defendant had had with her,"
which was objected to by defendant, and the
objection sustained.

[5] The court was in error in sustaining
the objection (Battles v. State, 140 S. W.
783, published since the trial of this case),
but enough was admitted to show that the
testimony that was expected to be proven
by Dr. Ledbetter for defendant would and
could not have been material to his defense;
but the testimony would have strengthened
the case for the state.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

[6] The only other witness alleged in the application to be absent is the wife of appellant by whom defendant states he can prove that defendant was at their home in Jack county on July 24th, the date alleged in the indictment, and that he was not in Clay county with prosecutrix. This would be admissible, and might be material, but the court in approving the bill of exceptions to the order overruling the motion qualifies it thus: "The above and foregoing bill of exceptions is approved with the following qualifications: Upon overruling the motion to postpone, the court directed process to be issued and placed in the hands of the sheriff, instanter, and, directed the sheriff to phone such process to the proper officers. Before the close of the trial Dr. Ledbetter arrived, and many other witnesses were in attendance upon the court and were sworn for the defendant; none of them were used by him, but he closed his case when the state closed. None of the witnesses named in the application were called by defendant, and no further request for postponement was then made, and none of those present were used by him, and the court believes the witnesses should have been called to ascertain whether they were present or not. Defendant himself did not deny his guilt, and, in the light of all the circumstances, the court believed that the absent testimony, even if procurable, was not probably true."

[7] The appellant accepts the bill as thus qualified, and he is bound by the recitals in the qualification under an unbroken line of decisions in this court. Blain v. State, 34 Tex. Cr. R. 448, 31 S. W. 368; Hardy v. State, 31 Tex. Cr. R. 289, 20 S. W. 561; Levine v. State, 35 Tex. Cr. R. 647, 34 S. W. 969; Brown v. State, 32 Tex. Cr. R. 119, 22 S. W. 596. By the qualification it is seen that, at the time the motion was overruled, the court ordered additional process to issue, and that at least a portion of the witnesses named in the application were in attendance, if not all of them, and the ones in attendance were not introduced as witnesses after seeking to continue on account of their absence. The record being in this condition, we cannot tell whether the attendance of Mrs. Clardy was secured or not; neither can we say that the court was in error in holding that it was not probably true that the witness would have so testified, inasmuch as those who were obtained were not called and did not testify to facts alleged they would testify. Prior to the amendment of subdivision 6 of article 597 of the Code of Criminal Procedure of 1895, when the first application was good on its face, it was a matter of right, but since the amendment of that section it has been uniformly held that a continuance is not awardable as a matter of right, but the truth, merit, and sufficiency of the application are matters now addressed to the sound discretion of the court. Abrigo v. State, 29 Tex. App. 143, 15 S. W. 408. And it has also been uniformly held that, when a motion for new trial is based upon the refusal of the court to grant a continuance in considering it, the court is required by subdivision 6 of article 597 to consider and measure it as to materiality and probable truth by the testimony adduced on the trial, and, if it is probably not true, the continuance will be held properly overruled. Carver v. State, 36 Tex. Cr. R. 552, 38 S. W. 183, and cases cited in subdivision 2 of section 643 of White's Ann. Proc.

[8] 2. The bill of exceptions to the overruling the motion for new trial is incomplete in one particular. In the application it is stated that Mrs. Clardy would testify as to defendant's whereabouts on a specific day, July 24th, and, while in the indictment the date is fixed as "on or about July 24th," yet under our law any date for one year prior to the filing of the indictment could have been proven, and, if as a fact the prosecuting witness testified on the trial to the occurrence taking place on July 24th, the bill should have so shown. In so far as the law is concerned, and the bill, the witness on the trial may have testified to a wholly different date, and, as we are not permitted to refer to the statement of facts in aid of a bill, it may be that this testimony, in the light of the trial, appeared wholly immaterial, for the prosecuting witness may have fixed the date at any time prior to the filing of the indictment in October, so that it was not barred by the statute of limitation. As presented, we cannot say that the trial court erred, for the presumption is that he is correct in his ruling, and the error, if any, must be pointed out in the bill of exception, or in the motion for new trial.

[9] 3. In bill No. 2 the defendant objected to the state being permitted to ask the prosecuting witness certain leading questions. The court, in approving the bill, states that "the witness was one of the most unwilling and reluctant witnesses he had ever seen on the stand. She wept, hung her head down, and for a long time state's counsel could hardly get an answer to any question. She appeared to be but an ignorant child, and for these reasons the court permitted leading questions." As thus presented, there was no error in the ruling of the court.

[10] 4. By bills of exception Nos. 3, 4, and 5, objections were made to the state being permitted to show acts of intimacy not amounting to intercourse between appellant and prosecuting witness. This testimony has always been held to be admissible by this court. For authorities see cases cited in Battles v. State, 142 S. W. 783.

There is no complaint of the charge of the court, no special charge was requested, and the evidence is sufficient to sustain the verdict.

The judgment is affirmed.