## BOBBY JOE BABB V. STATE

No. 28,708. January 2, 1957

*Milton K. Norton* and *Droby & Stinson,* by *Robert H. Stinson, Jr.,* Dallas, for appellant.

*Henry Wade,* District Attorney, *William F. Alexander* and *George P. Blackburn,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is maiming; the punishment, 5 years.

The indictment alleged that appellant wilfully and maliciously deprived B. A. Jones of an eye by cutting into said eye with a handcuff.

Appellant moved to quash the indictment upon the ground that it did not allege which eye Jones was deprived of.

The overruling of this motion to quash the indictment is urged as the first ground upon which reversal is sought.

We are not impressed with the contention that it was essential, in order to put appellant upon notice and enable him to plead the judgment thereon in bar of a subsequent prosecution for the same offense, that the indictment specify whether the injured party was deprived of the right or left eye.

In Neblett v. State, 47 Texas Cr. R. 573, 85 S.W. 813, an indictment for maiming by depriving the injured party of his hand, without specifying whether left or right, was upheld.

Jones, the injured party, was a police officer of the city of Dallas who had arrested and had some difficulty in arresting appellant on former occasions. Prior to the day of the offense, according to the testimony of Jones, appellant had made threats to kill him.

About 6 o'clock P.M. on the day in question, Jones saw appellant on the sidewalk approaching a lounge or tavern, and told him that he had had too much to drink, but would let him go with the understanding that he sober up or leave the premises.

About 8 P.M. Jones and his partner officer returned to the tavern and, after "Shorty," a drunk, was taken outside by the other officer, Officer Jones observed appellant seated at the last table.

Officer Jones testified that he could hear the appellant talking above the sound of the juke box, and that he was using profane language; that appellant was drunk, and he heard him say "Yes, I am drunk as hell, but no God damn Police Officer is going to arrest me."

After checking the back of the place and finding nothing requiring police action, Officer Jones approached appellant and asked him to step outside with him, which he did.

Officer Jones informed appellant that he was going to have to put him in jail, searched him, and found nothing.

When the officer unfastened his handcuffs, appellant stated "You sons of bitches are not going to take me. I haven't done anything" and hit at Officer Jones and kicked the other officer in the groin.

After some scuffling, the officers managed to get a handcuff on appellant's right hand while holding him on the ground, but before the officers could subdue him appellant secured his release and struck Officer Jones in the left eye with the handcuff, which resulted finally in complete loss of vision of that eye.

Other officers were called and appellant was taken to jail.

Over objection, Officer Jones was permitted to testify that after the appellant was handcuffed and while being taken to jail he asked "What was the penalty for whipping a police officer when he was sober?"; that he was using profanity, and when asked if he realized he had hurt a police officer, said he didn't care or it wasn't of any consequence to him.

It is true, as pointed out by appellant, that he was under arrest at the time, but the entire difficulty occurred and the assault was committed while he was under arrest.

As essential element of the offense charged against appellant was the existence of malice, it being the burden of the state to sustain the allegations of the indictment that he maliciously and wilfully deprived Jones of an eye.

The testimony objected to showing the statements, conduct and attitude of appellant, which continued without let up until he reached the jail, was offered and admitted as showing malice and intent on the part of the appellant.

It was admissible as a part of the transaction under the res gestae rule, and the fact that appellant was under arrest at the time did not affect its admissibility. See Upton v. State, 20 S.W. 2d 794.

The evidence sustains the conviction and we find no reversible error.

The judgment is affirmed.

Opinion approved by the Court.