DAVID LEE CAVE V. STATE.

No. 30,472. March 4, 1959.
State and Appellant's Motions for Rehearing Overruled May 6, 1959.

*M. Gabriel Nahas, Jr.,* Houston, for appellant.

*Dan Walton,* District Attorney, *Jon N. Hughes* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

72

MORRISON, Presiding Judge.

The offense is that of being an accessory to the crime of murder; the punishment, 2 years.

The state relied upon appellant's confession, which recited that he was present when Lumpkin shot Evans and that, following this, "we wound around and dismantled the gun" and "ended up on that street on Almeda by the stables" and "then we turned right across a bridge and Sandy (Lumpkin) threw the chamber and spindle into the bayou."

Officer Chapman of the Houston police was called in an effort to corroborate this confession, but after a careful examination of his testimony we have concluded that it does not do so. He testified that he found the "cylinder" of a pistol near the Scott or Calhoun Street bridge over the bayou (which was not shown to be the place where the confession recites that the pistol parts were thrown), and there is no testimony that the cylinder which he found came from the same pistol which Lumpkin had used. He stated on cross-examination that the appellant did not know where the pistol parts had been thrown.

It is axiomatic that an uncorroborated confession will not support a conviction. 18 Texas Juris., Sec. 105, p. 190, and cases there cited.

Because of the insufficiency of the evidence to sustain the conviction, the judgment is reversed and the cause remanded.