## TROY EUGENE HOLCOMB V. STATE

No. 34,415.   April 4, 1962
Motion for Rehearing Overruled May 9, 1962

Appellant represented himself.

*Henry Wade,* Criminal District Attorney, *Frank Watts, William F. Tucker, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for robbery with firearms; the punishment, 50 years.

Ruben Reeves testified that on the evening of June 16, 1961, he was in charge of operating a drive-in grocery in the City of Dallas. He was in the meat market and his assistant, the food checker, was by the cash register. About 9:40 P.M., two men entered the store and one of them, whom Reeves identified as the appellant, came to the meat counter, pointed a "six-shooter" at his chest, and told him that this "was a stick-up". The appellant then told Reeves to put his hands on top of the counter and that if he didn't the appellant would shoot him. Reeves testified that he did this and also later handed appellant his billfold because he was in fear of being shot. During this time, the other armed man was taking $525 from the cash registers and the assistant's billfold. The telephone wires were then cut, and Reeves was told to stay where he was while the appellant and Mendenhall fled.

Reeves further testified that he had the care, custody and control of the $525 they took from the cash registers, and that the actions of the appellant put him in fear of his life or serious bodily injury.

Anne Allen testified that she had driven to the drive-in grocery for some soft drinks, and that while getting them someone stuck a gun in her back. When she turned around, this man, whom she identified as Mendenhall, slapped the pop bottle from her hand and asked for her car keys, which she told him were in the car. Mendenhall got the keys, and when she kept staring at him after he came back in the store, he "clicked the gun", and told her that "this is a gun" and to quit staring at him.

On June 19, Dallas Police Officers arrested the appellant, who was found hiding in a clothes closet, Mendenhall, who had a loaded revolver in his belt, and two companions in an apartment house. A loaded .32 revolver was found which the Officers and Reeves identified as appellant's. Shortly thereafter, the appellant and Mendenhall were identified in a police line-up by Reeves and Allen.

The appellant did not testify or offer any evidence in his behalf.

There are no formal bills of exception, and the court's charge to the jury has not been attacked in any manner.

Appellant complains of the search of the apartment on the ground that the officers had no search warrant for the apartment or warrant for his arrest.

In another case against the appellant, Holcomb v. State, No. 34,414, 172 Tex. Cr. R. 292, the same contention was raised concerning the same search. For the reasons given in that case, the contention is also here overruled. See Rubens v. State, 168 Texas Cr. Rep. 71, 311 S.W. 2d 242.

The contentions raised by the appellant's brief have been carefully considered but as they are not supported by the record, no error is shown.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.