**Clifton Vernon DRENNON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38705.**

Court of Criminal Appeals of Texas.

Nov. 17, 1965.

---

Vernon McDaniel, Wichita Falls, for appellant.

Stanley C. Kirk, Dist. Atty., Thomas F. Keever, Asst. Dist. Atty., Wichita Falls, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, 10 years.

Bartlett, appellant's son-in-law, had arrived in Wichita Falls on the night in question with his wife and three children. Following a disagreement with his wife as to where they were to spend the night, his wife drove off and left Bartlett on foot. According to his testimony he entered his father-in-law's house in order to call a friend to come pick him up and went to the kitchen where he was in the process of using the telephone when appellant entered the kitchen armed with a pistol and hotly remonstrated him about breaking into his house. Bartlett stated that without further ado appellant shot at him four times, two of which took effect and that he then overpowered appellant, took the pistol and went to a nearby house where the ambulance and the police arrived.

Police officers corroborated Bartlett as to the slugs taken from the wall.

Appellant, testifying in his own behalf, denied that he was intoxicated on the night

in question, stated that Bartlett, who had resided in his home immediately following his marriage and against whom he bore no ill will, entered his home unannounced on the night in question, turned on the kitchen light and remained silent when appellant demanded that he "get out of there * * * and come back to the door and knock like a man should." Appellant further admitted that he fired three rapid shots at Bartlett who was unarmed and had made no gestures toward him prior to the shooting. He did not testify that he thought that Bartlett intended to steal anything from him, but did state that Bartlett was under probation for theft.

█ Out of an abundance of caution, the trial court instructed the jury to acquit if it reasonably appeared to appellant that Bartlett was in the act of burglarizing or stealing from appellant and further charged the jury on the defense of his house and his right to eject an intruder therefrom.

The jury resolved such conflict as there was in the evidence against appellant, and we find the evidence sufficient to sustain the conviction.

█ Appellant's counsel on appeal sought to raise in his brief the question of the competency of appellant's trial counsel. We have, as we did in Williams v. State, 169 Tex.Cr.R. 496, 335 S.W.2d 224, examined the statement of facts in the light of such contention and concluded that appellant's rights were fully protected.

█ Though not raised by brief, we do observe that appellant's trial counsel objected to Bartlett's testimony that immediately prior to the shooting appellant told him "I have shot a man before". While testifying in his own behalf, appellant admitted that he had shot another man prior to shooting the injured party in this case. Be this as it may, under the holding of this Court in Carrier v. State, 159 Tex.Cr.R.

421, 264 S.W.2d 728, such a statement would be admissible.

Finding no reversible error appearing, the judgment is affirmed.