**Willie Lee FIELDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39269.**

Court of Criminal Appeals of Texas.

Feb. 23, 1966.

Rehearing Denied April 20, 1966.

Second Motion for Rehearing Denied May 25, 1966.

No attorney of record on appeal, for appellant.

Carol S. Vance, Dist. Atty., Edward B. McDonough, Jr., and Frank Price, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The indictment under which appellant was tried was in two counts. The first count alleged an assault upon Ruby Lee Jackson with malice with the intent to kill her. The second count alleged an assault upon Ruby Lee Jackson with intent to ravish and have carnal knowledge of her without her consent.

At the conclusion of the evidence, the state elected to stand upon the first count.

The court, in his charge, submitted assault with intent to murder with and without malice, and the jury found appellant guilty of assault with intent to murder without malice and assessed his punishment at 3 years in the penitentiary.

Ruby Lee Jackson, the prosecuting witness, testified that she returned from her work as a waitress about 1:30 A.M. About 4:30 A.M. she was awakened by appellant who was standing over her pointing a pistol at her head. He said "All right, get up from there, woman. . . . You are going to give me some tonight. . . . I have been wanting you for a long time. I will do you like I did that other woman if you don't come on and do what I want done."

Hoping that she could get help from her sister next door, Ruby Lee asked appellant to let her go to the bathroom, but he went with her. When they came out of the bathroom appellant said he was tired fooling with her and, after threatening to kill her 15 year old son who had awakened, if he started anything, appellant took Ruby Lee to another bedroom.

When they got to the bed the prosecuting witness said: "Willie, don't point that gun at me" and appellant began shooting her.

One of the bullets from the .22 caliber pistol struck the prosecuting witness in the chest area and another near the chin.

The evidence further reflects that a window screen had been broken; that the doors were locked and that the pistol belonged to the prosecuting witness and had been removed from her handbag; that appellant fled after the shooting and that the pistol was never found.

Appellant did not testify and called no witnesses. However, his counsel elicited from state's witness R. W. Pugh, Jr., a police officer, testimony to the effect that the prosecuting witness had told him at the hospital shortly after the shooting that appellant had gotten in bed with her and while they were in the bed she grabbed for the gun and that was when the shooting occurred.

Appellant appears to have received at the hands of the jury full benefit of this version of the shooting.

The evidence amply sustains the conviction for assault with intent to murder without malice.

Willie Jackson, Jr. corroborated his mother's testimony and further testified that he also heard appellant say: "I ain't got none since I came out of the penitentiary."

Appellant's objection to this testimony and his request that the jury be instructed to disregard it were overruled, to which exception was reserved.

The statement made by appellant during the commission of the offense was properly admitted as part of the transaction and as res gestae. Welch v. State, Tex. Cr.App., 373 S.W.2d 497; Babb v. State, 164 Tex.Cr.R. 45, 297 S.W.2d 132; Carrier v. State, 159 Tex.Cr.R. 421, 264 S. W.2d 728; Johnson v. State, 158 Tex.Cr.R. 233, 254 S.W.2d 131.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.

ON MOTION FOR REHEARING

MORRISON, Judge.

On motion for rehearing the appellant contends that the trial court was in error in permitting the witness Tyler, the medical records clerk of Ben Taub Hospital, who was shown to have the care, custody and control of the official hospital records, to read from such records statements relating the injuries suffered by the complaining witness Ruby Lee Jackson. Appellant objected on the ground that proper predicate had not been laid.

It was shown by witness Tyler's testimony that the records were made in the regular course of business and were made at or near the time the matters contained therein occurred. The foregoing would constitute sufficient predicate to authorize the introduction of the records into evi-

dence. Art. 3737e, Sec. 1 and 2, Vernon's Ann.Civ.St.

Although the records themselves may have been the best evidence, in the absence of such an objection, it was not reversible error to allow the medical records clerk to read therefrom the factual description of the injuries sustained by Ruby Lee Jackson.

Remaining convinced that our original opinion properly disposed of the case, appellant's motion for rehearing is overruled.