**Willie Lee REED, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40804.**

Court of Criminal Appeals of Texas.

Nov. 29, 1967.

D. C. Gandy, Fort Worth (Court-appointed on appeal only), for appellant.

Frank Coffey, Dist. Atty., R. J. Adcock, John Howze and R. W. Crampton, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is a sale of heroin; the punishment, 20 years.

Agent Roberts of the Bureau of Drug Abuse Control of the U. S. Food and Drug Administration testified that while acting under cover in the city of Forth Worth, he became acquainted with appellant and was often admitted to the apartment where appellant resided with his brother and his brother's girl friend. Roberts at that time was posing as a pimp from Dallas, and all the parties freely discussed their nefarious activities with him, and he was permitted to watch them capping a white powder which appellant said was "H". During their conversations, appellant told Roberts that prior to his service in the Army, he had been "one of the main dealers in narcotics in the Fort

Worth area controlling the narcotic market involving the Negro population", and had trained his brother "in how to deal in narcotics" and that after he returned from the Army, he had become active in the sale of capsules of heroin.

He then testified that he accompanied appellant to Grand Prairie, where appellant sold three capsules of heroin, and on to Dallas, where appellant attempted to make another sale, and thence back to Fort Worth, where just before they parted, he purchased a capsule himself. This is the sale upon which this conviction is predicated. During their conversations appellant offered to take Roberts in as a partner if Roberts would put up the money to "finance the operation."

Appellant, testifying in his own behalf, denied that he had ever sold any heroin to Roberts or anyone else. He stated that Roberts had tried to get him to locate narcotics and dangerous drugs and that he had not done so.

We find no written objections to the court's charge, and we find it unnecessary to discuss appellant's contention that the court erred in failing to submit to the jury the defense of entrapment, because appellant denied that he committed the offense charged. It is the general rule in this and most jurisdictions that the defense of entrapment is not available to a defendant who denies that he committed the offense charged. 61 A.L.R.2d 677.

Appellant's second ground of error is that the evidence is insufficient to support the conviction because it shows that appellant acted as an accommodation for his brother in making the sale to Roberts. Reliance is had upon Durham v. State, 162 Tex.Cr.R. 25, 280 S.W.2d 737. In that case we held that "[i]f an accused is in no way interested in behalf of the seller but acts only as an agent of the prosecutor he is not guilty of making a sale." The facts before us here are quite different. Roberts testified that appellant proposed a partnership with him because his brother, who was an addict, was cheating him by using some of the narcotics, whereas, since Roberts was not an addict, the profits with him as a partner would be greater. This takes this case out of the rule set forth in Durham.

Appellant's last ground of error is that the court erred in permitting Roberts to testify as to what appellant told him of his past activities in narcotics which he used to recommend himself to Roberts as an advantageous partner. Though not cited, it appears that all of appellant's conversation with Roberts was admissible under the rationale expressed in Carrier v. State, 159 Tex.Cr.R. 421, 264 S.W.2d 728. There we held that the entire conversation between the robber and his victim was admissible to show that the victim was placed in fear of the robber. Here appellant was trying to get Roberts to back him financially in an illegal enterprise and all that he told Roberts about his fitness as a partner would be admissible.

Finding no reversible error, the judgment is affirmed.