Samuel **HEMPHILL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43696.

Court of Criminal Appeals of Texas.

May 5, 1971.

Rehearing Denied June 9, 1971.

Dalton Gandy, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., R. J. Adcock, Roland W. Quillin and R. W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of rape. The jury was qualified on the death penalty; the punishment was assessed at 800 years.

Appellant alleges two grounds of error. First, he challenges the sufficiency of the evidence.

The record reflects that on October 30, 1969, at approximately 9:30 P.M., prosecutrix and her boyfriend were sitting in a parked car near the Farrington Football Field, in Fort Worth (where they had attended a high school football game). Appellant came up on the driver's side, opened the door, and at gunpoint demanded money from prosecutrix' companion. Appellant then struck the boy repeatedly with the pistol and rendered him unconscious. When he regained consciousness he saw prosecutrix struggling with the appellant and another man. He attempted to help her and appellant fired two pistol shots; thereafter the other man "ran off". Prosecutrix and her companion were ordered into the car by appellant and, at gunpoint, forced to drive to a deserted area. Prosecutrix' companion was tied up, pistol whipped again, and left in an open field. Appellant then required prosecutrix to get in the car and accompany him to another area in the city where he, while holding a gun on her, ordered her to disrobe and he raped her. For approximately two hours thereafter, prosecutrix was driven around, raped two more times, and then she was released in a park. Minutes later she was stopped by a Park Ranger, to whom she reported the incidents.

The record reveals the following:

"Q. (By prosecutor) Now, ————, after the Defendant stopped the car underneath that bridge, what did he do, if anything?

"A. He told me to take off my clothes.

"Q. And did he still have the pistol with him?

"A. Yes, sir.

"Q. And what did you do?

"A. I kept arguing with him. I didn't want to.

"Q. And what happened next?

"A. He pointed the gun at me and told me I better.

    *    *    *    *    *    *

"Q. Now this Defendant had already fired that pistol earlier in the night, had he not?

"A. Yes, sir.

"Q. And at the time he pointed that pistol at you and said you had better, at that time, were you in fear of your life?

"A. Yes, sir."

The doctor who examined prosecutrix the same night testified:

"She had some cuts about her body. She had a bruise about her right brow and small cuts about her lip with blood on her lips, and on her teeth. She also had a bruise of her left axillary area under the

arm here, the rib area * * * small lacerations at the opening of the vagina next to the anus."

In substantial compliance with Art. 1185 Vernon's Ann.P.C., the court included in his charge to the jury the following:

"RAPE BY THREATS", as applicable to this case, means the carnal knowledge of a woman obtained without her consent by the use of threats and the threats used must be such as might reasonably create a just fear of death or great bodily harm to the woman assaulted, in view of the relative condition of the parties as to health, strength and other circumstances of the case."

We find the evidence sufficient to support the jury's verdict. Harris v. State, Tex.Cr.App., 441 S.W.2d 189; Perbetsky v. State, Tex.Cr.App., 429 S.W.2d 471.

Appellant's first ground of error is overruled.

By his second ground of error appellant contends that testimony of prosecutrix to the effect that he told her he had raped another girl who subsequently committed suicide showed evidence of an extraneous offense, and was therefore inadmissible.

Prosecutrix related the aforementioned conversation with appellant who also "* * * asked me if I was going to commit suicide."

The statement in question was made immediately after the second assault, and before the third. We hold that the statements were admissible. See Reed v. State, Tex.Cr.App., 421 S.W.2d 116; Drennon v. State, Tex.Cr.App., 395 S.W.2d 636; Christesson v. State, 172 Tex.Cr.R. 27, 353 S.W. 2d 218; Carrier v. State, 159 Tex.Cr.R. 421, 264 S.W.2d 728; Riddle v. State, 150 Tex.Cr.R. 419, 201 S.W.2d 829.

In Carrier v. State, supra, this court stated:

"Surely a statement by the robber that he was an ex-convict and that he was afraid of neither the police or the electric chair would be calculated to place his victim in fear of him."

Further, the comment by appellant was obviously boastful and lewd talk concerning his sexual prowess. Proof of such lewd conversations in the presence of the female victim is admissible. See Adams v. State, 95 Tex.Cr.R. 226, 252 S.W. 797.

Appellant's second ground of error is overruled.

Finding no reversible error, the judgment is affirmed.