**Willie BARNES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43791.**

Court of Criminal Appeals of Texas.

May 26, 1971.

Tom P. Briggs, Wichita Falls, court appointed on Appeal only, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of felony theft; the punishment, enhanced under Art. 62, Vernon's Ann.P. C., 10 years.

On May 12, 1970, the verdict of the jury was received and the court's judgment filed. On May 20, 1970, appellant requested the trial court to appoint an attorney on appeal; whereupon, Honorable Tom Briggs was appointed and appeared with appellant when he was sentenced on August 28, 1970. Notice of appeal was given.

Pursuant to Article 40.09, Sec. 9, Vernon's Ann.C.C.P., counsel filed an appellate brief which he prefaced with the following statement:

"NOW COMES Tom P. Briggs, Court appointed counsel for the appeal of the Appellant in the above entitled and numbered cause, and after a conscientious, thorough and complete examination of the record of the proceedings in the trial court and a thorough examination of the prevailing law with respect to said proceedings at the trial level, files this his statement advising the Court that in his opinion the appeal by the Appellant, Willie Barnes, in the above entitled and numbered cause is a non-meritorious one. He further states that on the basis of his examination of the record and the prevailing law of the State of Texas, he is unable to find any substantive point of error that could be reasonably brought forth in behalf of the Appellant before the Court of Criminal Appeals, and that such decision has been made only after a thorough and conscientious examination of the record and the prevailing law with respect thereto. In accordance therewith, the Court appointed attorney for the appeal, by virtue of the foregoing statement, advises the Court of the non-meritorious nature of the appeal.

"In accordance with the rule laid down by the U.S. Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1319 [1396], 18 L.Ed.2d 493, and quoted in Gainous v. State of Texas [Tex.Cr.App.] 436 S.W.2d 137, Court appointed counsel for the Appellant has prepared a brief referring to anything in the record that in his opinion might arguably support the appeal for the consideration of the Trial Court and the Court of Criminal Appeals as well as the Appellant, Willie Barnes. Each point so brought out in the brief thus prepared is accompanied by the prevailing law with respect thereto—the same intended to support Court appointed counsel's conclusion that the appeal is non-meritorious; however, each point is further accompanied by a statement and brief argument in support of point of error raised on behalf of the Appellant for the Court's consideration in the event the Court does not share appellate counsel's opinion as to the non-meritorious nature of the appeal."

The said brief was filed on November 13, 1970, and on December 11, 1970, a hearing was conducted wherein the following occurred:

"THE COURT: All right; Mr. Barnes, would you stand up please, sir? Do you have any Briefs you want to submit to the Court?

"MR. BARNES: No, sir.

"THE COURT: Do you want to adopt any part of the Brief that your attorney, Mr. Briggs, has submitted?

"MR. BARNES: No.

"THE COURT: Do you have anything else to say right now about your appeal of any error that was committed?

"MR. BARNES: No, I—I don't know of any.

"THE COURT: Sir?

"MR. BARNES: I didn't find any errors.

"THE COURT: All right, sir; mighty fine. That's all.

**486**

Thank you sir.

EVIDENCE CLOSED."

 The record before us has been examined and it reflects that all procedural and constitutional requirements were fully complied with. We agree with the conclusion of counsel that this appeal is frivolous. See Ruiz v. State, Tex.Cr.App., 464 S.W.2d 854. The grounds of error set out are without merit.

The three grounds asserted relate to (1) the adequacy of time for appointed trial counsel to prepare for trial; (2) appointment of counsel prior to any proof of indigency; and (3) since proof of indigency was not shown until trial date, he should have been afforded 10 days to prepare for trial under Article 26.04(b), V.A.C.C.P.

 As to the adequacy of time to prepare for trial, the record reflects no motion for continuance nor attempt by appointed trial counsel, or the appellant, to seek a postponement of the case on such grounds. No error is shown. Meeks v. State, Tex.Cr.App., 456 S.W.2d 938; Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393.

Trial counsel was appointed on April 29, 1970, and the trial was May 11, 1970. At all times relative thereto, the record reflects that appellant was in jail, and the showing that he was indigent on the trial date certainly verifies that the trial court was protecting his interest by appointing counsel 12 days prior thereto. Further, there was no objection, hence, no error.

No request was made for additional time to prepare for trial and, as heretofore mentioned, no motion for continuance was filed. Therefore, any objection was waived. Fletcher v. State, supra.

Viewing the record in its entirety, it is apparent that the appellant was adequately represented at his trial.

Finding no reversible error, the judgment is affirmed.