**Robert N. NORVELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43850.**

Court of Criminal Appeals of Texas.

June 9, 1971.

Rehearing Denied July 28, 1971.

---

James E. Walker, Killeen (On Appeal Only), for appellant.

Stanley Kicar, Dist. Atty., Belton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of rape; the punishment was assessed by a jury at life.

On February 20, 1970, the verdict of the jury was received and the court's judgment filed. On March 6, 1970, appellant was sentenced by the court and gave notice of appeal; whereupon, the court granted trial counsels' motion to withdraw as attorneys for appellant and the Honorable James E. Walker was appointed on appeal.

Pursuant to Article 40.09, Sec. 9, Vernon's Ann.C.C.P., counsel on appeal filed a brief wherein he stated that he had made a conscientious examination of the record and found that an appeal of this conviction would be wholly frivolous. The record reflects that a copy of this brief, together with the record, was furnished the appellant in order that he might examine the same and raise any grounds of error that he chose. Counsel followed the rule laid down in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and quoted in Gainous v. State, Tex.Cr.App., 436 S.W.2d 137, by referring to anything in the record that in his opinion might arguably support the appeal for the consideration of the trial court and this court as well as the appellant, Robert N. Norvell.

The record before us has been examined and it reflects that all procedural and constitutional requirements were fully complied with. We agree with the conclusion of counsel that this appeal is frivolous. See Barnes v. State, Tex.Cr.App., 467 S. W.2d 484.

The three grounds of error submitted as those that might arguably support the appeal are: (1) the trial court erred in admitting into evidence a billfold; (2) in admitting oral statements made by appellant to the investigating officers; and (3) in refusing to grant motion for new trial for the reason that the verdict is contrary to the law and the evidence.

The record reflects that on May 23, 1970, between the hours of 10:30 P.M. and 11:45 P.M., the prosecutrix was asleep in her home at Temple when a male person, wearing a stocking over his face and armed with a knife, entered her bedroom and forced her to commit acts of sexual intercourse. After the assailant left the house, the prosecutrix went to a hospital where she was examined by a physician. The incident was reported to the Temple Police Department. As a result of police investigation, fingerprints matching those of appellant were found in the bedroom where the offense was committed.

The appellant was arrested and taken before the justice of the peace who administered a warning pursuant to Article 15.17, V.A.C.C.P. Thereafter, appellant stated that he would talk with Officer Bartack, of the Temple Police Department, and Assistant District Attorney Bruce Bangert. He was further warned by Mr. Bangert, and stated that he had been in the

**192**

prosecutrix' house on the night in question. He then led officers to a location where he had discarded a billfold belonging to the prosecutrix which was identified as taken from her home. The said billfold was admissible. Article 38.22, Sec. 1(e), V.A.C.C.P.

Prior to the trial a hearing was conducted out of the presence of the jury on the voluntariness of the statements made by the appellant to the officers. The court found that the statements were voluntarily made, and entered an order stating its findings pursuant to Article 38.22, Sec. 2, V.A.C.C.P. A review of the record supports the trial court's findings.

The evidence was sufficient to support the verdict and no error was committed by overruling the motion for a new trial. See Todd v. State, Tex.Cr.App., 466 S.W.2d 559; Whitaker v. State, Tex.Cr. App., 467 S.W.2d 264; Hemphill v. State, Tex.Cr.App., 467 S.W.2d 412; Harris v. State, Tex.Cr.App., 441 S.W.2d 189.

The three grounds of error clearly have no merit.

Finding no reversible error, the judgment is affirmed.