**Anthony ROBERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43648.**

Court of Criminal Appeals of Texas.

June 23, 1971.

Culton, Morgan, Britain & White, by Leslie H. Williams, Jr., Amarillo, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of passing as true a forged instrument, upon his plea of guilty before the court; the punishment was assessed at five years.

Pursuant to Article 40.09, Sec. 9, Vernon's Ann.C.C.P., court appointed counsel on appeal filed a brief wherein he stated that he had made a conscientious examination of the record and found that an appeal of this conviction would be wholly frivolous. The record reflects that a copy of the brief was mailed to appellant at his last known address.[1] Counsel followed the rule laid down in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493, and quoted in Gainous v. State, Tex.Cr. App., 436 S.W.2d 137, by referring to anything in the record that in his opinion might arguably support the appeal.

---

1. Appellant was sentenced on May 15, 1970; Honorable Leslie Williams was appointed counsel on appeal on May 26, 1970; appellant filed a pauper's affidavit that he was "too poor to pay the costs of court or costs incident to obtaining a Statement of Facts and transcription of proceedings * * * and is unable to give security therefor," on May 28, 1970; and made bond, with two sureties, dated May 29, 1970. The said bond was filed June 1, 1970.

The record before us has been examined and it reflects that all procedural and constitutional requirements were fully complied with. We agree that this appeal is frivolous. See Norvell v. State, 469 S.W.2d 190 (1971); Barnes v. State, 467 S.W.2d 484 (1971).

The appellant complains only that he was improperly influenced to plead guilty and submit himself to the recommendation of the district attorney. The record clearly refutes this contention. When he testified on direct examination the following is revealed in the record:

"Q. The D.A. has never told you this is what would happen, but you do have two prior felonies?

"A. Yes.

"Q. And that if this came out before the jury, it would be for them to consider in setting your punishment, you are aware of that, too, are you not?

"A. Yes.

"Q. Now, after knowing all of this about your case, and being fully aware of what the evidence is against you, what is your desire to plead, guilty or not guilty?

"A. Guilty.

"Q. All right. And you have plead guilty, fully aware that you have the right to defend this case in front of a jury?

"A. Yes."

On cross-examination the following is revealed:

"Q. Do you admit as true the allegations contained in that indictment pertaining to the psssing of a forged instrument?

"A. Yes.

"Q. Has anyone forced you to plead guilty?

"A. No.

"Q. Are you pleading guilty because you are in fact guilty?

"A. Yes."

Appellant's contention has no merit.

The judgment is affirmed.