**Herschel Lee HOLDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44055.**

Court of Criminal Appeals of Texas.

July 14, 1971.

Alfred Thomas, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Bert Graham, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

**OPINION**

ODOM, Judge.

This appeal is from a conviction for the offense of burglary. Upon appellant's plea of guilty before the court, the punishment was assessed at 8 years.

Pursuant to Article 40.09, Sec. 9, Vernon's Ann.C.C.P., court appointed counsel on appeal filed a brief wherein he stated: "After careful consideration of the transcript and the statement of facts in this cause, this attorney can find no real grounds for appeal. It appears from the record that the defendant was accorded all of the rights to which he was entitled under the Constitution of the State of Texas and the Constitution of these United States. Counsel can not in good faith urge any point of error that would require reversal of this cause. Nor can this attorney find any facts that even if believed would require reversal of the case." The certificate of service attached to the appellate brief reflects that a copy of the said brief was "served" on the appellant in open court on January 13, 1971, and the record was filed in this court on March 19, 1971. Counsel followed the rule laid down in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and quoted in Gainous v. State, 436 S.W.2d 137, by referring to anything in the record that in his opinion might arguably support the appeal.

The record before us has been examined and it reflects that all procedural and constitutional requirements were fully complied with. We agree that this appeal is frivolous. See Roberson v. State, Tex.Cr. App., 468 S.W.2d 447; Norvell v. State, Tex.Cr.App., 469 S.W.2d 190; Barnes v. State, Tex.Cr.App., 467 S.W.2d 484.

Appellant alleges: (1) "There is no showing by the evidence of how entry was

gained into the building alleged in the indictment." (2) "The record is inconclusive to show an intent to commit theft."

The record contains appellant's judicial confession which was reduced to writing, sworn to, and introduced into evidence. This, standing alone, is sufficient to support the conviction. Article 1.15 V.A.C.C.P.; Soto v. State, Tex.Cr.App., 456 S.W.2d 389; Waage v. State, Tex.Cr.App., 456 S.W.2d 388.

The record further reflects that appellant entered a plea of guilty in open court to the charge presented against him and was duly admonished by the court of the consequences of his plea and the plea was accepted by the court. The state then introduced evidence to show appellant's guilt, which evidence established among other things that appellant was found inside of the burglarized building.

No reversible error is shown.

The judgment is affirmed.

ONION, P. J., not participating.