**Troy Eugene HOLCOMB, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 34415.**

Court of Criminal Appeals of Texas.

July 12, 1972.

Rehearing Denied Oct. 18, 1972.

Melvyn Carson Bruder, Dallas (court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an out-of-time appeal. Appellant's conviction for robbery by assault with firearms with the punishment assessed at 50 years was affirmed by this court in 172 Tex.Cr.R. 294, 356 S.W.2d 670 (1962). Appellant was not represented by appellate counsel.

■■ A post conviction application for writ of habeas corpus was filed pursuant to Article 11.07, Vernon's Ann.C.C.P. The convicting court found that at the time of the appeal, the appellant, who had been represented by appointed trial counsel, was indigent and did not waive his right to appellate counsel. Although appellant's appeal was prior to the decision in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), such decision is to be applied retroactively. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Pate v. Holman, 341 F.2d 764 (5th Cir. 1965); Crawford v. Beto, 383 F.2d 604 (5th Cir. 1967). The convicting court determined the appellant was entitled to an out-of-time appeal and appointed counsel on appeal. See Ex parte Young, 418 S.W.2d 824 (Tex.Cr.App.1967). After a review of the record, we agree.

Ruben Reeves testified that on June 16, 1961, he was in charge of Bill's Dairy-Way, a drive-in grocery store, in the City

of Dallas; that about 9:40 p. m. appellant and another man entered the store and, at gunpoint, robbed him, taking approximately $525.00 from the cash registers. Reeves' billfold, as well as money from another employee's billfold, was also taken.

Reeves testified he had the care, custody and control of the $525.00 taken from the cash registers, and that he had been placed in fear of his life or serious bodily injury by appellant's action.

He identified State's Exhibit No. 1 as the .32 caliber revolver the appellant exhibited during the robbery.

Anne Allen, a school teacher, testified she had gone to the drive-in grocery to get some soft drinks, and that while there, the appellant stuck a gun in her back, then later slapped the pop bottle from her hand and asked her for her car keys which she told him were in her car. She related that appellant's companion, Mendenhall, went to the car and obtained the keys from her niece who was in the car;[1] that she kept staring at the appellant until he "clicked" the gun and told her to quit staring at him.

She also testified that State's Exhibit No. 1 looked like the gun used by the appellant.

Near midnight, on June 18 or in the early morning hours of June 19, Dallas Police Officers entered a Dallas apartment and found Mendenhall with a loaded pistol in his belt and the appellant hiding in a clothes closet. They were arrested along with two other companions. A loaded pistol (State's Exhibit No. 1) was found in a closet off the kitchen.

The witnesses, Reeves and Allen, identified Mendenhall and the appellant in a police lineup conducted on June 19, 1961.

The appellant did not testify or offer any evidence in his behalf.

First, appellant complains of the trial court's action in admitting, over objection, the pistol and bullets found on Mendenhall and the loaded .32 caliber revolver discovered in a kitchen closet which the officers identified as belonging to the appellant.

█ For the same reasons set forth in Holcomb v. State, 484 S.W.2d 929 (Tex. Cr.App.1972, No. 34,545), another out-of-time appeal, this day decided, we conclude that the arrest and subsequent search were illegal, but we further conclude that the constitutional error in admitting the pistol and bullets was harmless error. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

In the instant case, the evidence of appellant's guilt was not only overwhelming but undisputed. No defense was offered. Both Reeves and Allen identified the appellant as one of the robbers and related he was armed and identified the State's Exhibit No. 1 as that weapon, or as one that "looked like" the gun used. While the pistol and bullets should not have been introduced, the error was harmless error.

It is further observed that one of the officers testified, without objection, that State's Exhibit No. 1 belonged to the appellant. On cross examination, he was asked how he knew of such ownership and he replied that the appellant had told him so upon the discovery of the weapon.

█ Appellant's next contention is the same as ground of error No. 2 in Cause No. 34,545 that the State used a presumptively void lineup identification to bolster the in-court identification of the two State's witnesses, thus denying him due process.

---

1. The original opinion, 356 S.W.2d 670, erroneously recited that the witness Allen identified Mendenhall as the man who stuck a gun in her back, slapped the bottle from her hand and "clicked" the gun at her.

For the same reasons discussed in Cause No. 34,545, the contention is without merit.

The judgment is affirmed.

DOUGLAS, J., not participating.