**Troy Eugene HOLCOMB, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 34414.**

Court of Criminal Appeals of Texas.

July 12, 1972.

Rehearing Denied Oct. 18, 1972.

Melvyn Carson Bruder, Dallas (court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an out-of-time appeal of appellant's conviction for robbery with firearms. Punishment was assessed at thirty-five years imprisonment.

This is one of three out-of-time appeals granted appellant for the reason that appellant was indigent and not represented by counsel on an earlier appeal. See Holcomb v. State, 484 S.W.2d 935 (Tex.Cr.App. No. 34,415, 1972) and Holcomb v. State, 484 S. W.2d 929 (Tex.Cr.App. No. 34,545, 1972).

Appellant's conviction on the earlier appeal was affirmed by this court at 172 Tex.Cr.R. 292, 356 S.W.2d 669 (1962).

At approximately 11:30 p. m., June 17, 1961, appellant and his companion, Mendenhall, robbed the Deep Rock Service Station of which Stanley Foster was, at the time, the lone attendant. Over $200.00 was taken at gunpoint.[1]

Near midnight, on June 18, or in the early morning hours of June 19, Dallas Police Officers, without warrants, entered an apartment in Dallas for the purpose of arresting appellant and his companions. Mendenhall was found in the apartment with a loaded pistol, State's Exhibit No. 2, in his belt; the appellant was discovered hiding in a clothes closet. State's Exhibit No. 3, a loaded pistol, was found "on the floor in the garbage disposal closet." The two weapons and the bullets with which they were loaded were admitted, over objection, at each of appellant's trials. The facts and circumstances of the arrest and search as shown by the record in this case are almost identical to those shown in the above cases, in which out-of-time appeals were also granted.

■ In appellant's first ground of error he alleges that error was committed in the admission into evidence of the two pistols and the bullets found therein because they were recovered as a result of an unlawful search. For reasons stated in Holcomb v. State, 484 S.W.2d 929 (Tex.Cr.App. No. 34,545, 1972), we conclude that the arrest and subsequent search were illegal; but, as in that case, we also conclude that the constitutional error in admitting the pistol and bullets was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

In this case the evidence amply supports the jury's finding of appellant's guilt beyond a reasonable doubt. Stanley Foster, the attendant at the service station, unequivocally identified appellant as the robber who held a pistol next to Foster's body, grabbed him by the arm and pushed him up against the oil rack, pulled a knife and said he would cut Foster's throat "from ear to ear," and also pointed his pistol at Foster, pulled the hammer back and "clicked the gun." Further, with regard to the admission of State's Exhibit No. 3, it is observed that Foster testified without objection that it appeared to be the same gun appellant "held against [his] body that night."

■ Appellant next complains he was denied due process of law by " . . . the State's use of a presumptively illegal lineup identification to bolster the in-court identification testimony of a State's witness . . . " The record in this case reveals no significantly different facts than those in Holcomb v. State, 484 S.W. 2d 929 (Tex.Cr.App. No. 34,545, 1972), and for the reasons discussed in that case, this ground of error is overruled.

In his third ground of error appellant urges that the trial court erred in admitting, over objection, testimony that appel-

1. A full summary of the facts of the immediate offense appears in the original opinion; they will not be restated here as they are not necessary to our disposition of this cause.

lant had committed other offenses. The testimony of which complaint is made appears as follows:

"Prosecuting Attorney Watts: He [appellant] said what?

"Witness Foster: 'Take a good look at my face, because the cops are already after me, and tell them that you saw me.'"

 Appellant's objection that the statement was hearsay was overruled. The specific objection now urged was not raised at the time of trial and was therefore waived. See 5 Tex.Jur.2d, Appeal and Error—Criminal Cases, § 41 and cases therein collated. In any event the appellant's statement made during the commission of the offense was admissible. See Hemphill v. State, 467 S.W.2d 412 (Tex. Cr.App.1971); Reed v. State, 421 S.W.2d 116 (Tex.Cr.App.1967); Fields v. State, 402 S.W.2d 740 (Tex.Cr.App.1966); Christesson v. State, 172 Tex.Cr.R. 27, 353 S.W.2d 218 (1966); and Carrier v. State, 159 Tex.Cr.R. 421, 264 S.W.2d 728 (1954). This ground of error is overruled.

 In his final ground of error appellant again complains of the admission into evidence of State's Exhibits Nos. 3 and 5, the pistol and bullets taken from Mendenhall. Mendenhall and the appellant were shown to be acting together in the commission of this offense and they were arrested and the search took place at the same time. The admission of this evidence was proper as a part of the circumstances surrounding the search and the appellant's arrest. Cherry v. State, 479 S.W.2d 924 (Tex.Cr. App.1972) and Wright v. State, 168 Tex. Cr.R. 645, 330 S.W.2d 620 (1959). Appellant's fourth ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

DOUGLAS, J., not participating.