**Malcolm M. DOODY, aka, Michael Warren, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 47332, 47333.**

Court of Criminal Appeals of Texas.

Sept. 25, 1973.

---

P. Otis Hibler, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Felder, John Hrncir & David K. Chapman, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

These appeals are from convictions for burglary with intent to commit theft and theft of property over the value of $50.00; the punishment was assessed at four (4) years in each cause, the sentences to run concurrently.

Appellant's court appointed counsel has filed briefs stating that after conscientious examination of the records he has concluded these appeals are frivolous and without merit. In compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L. Ed.2d 493, and Gainous v. State, Tex.Cr. App., 436 S.W.2d 137, he raises one ground of error which might arguably reflect error. We have examined said contention and conclude it is without merit. See Roberson v. State, Tex.Cr.App., 468 S.W.2d 447.

In further compliance with Anders, supra, and Gainous, supra, counsel has furnished appellant with a copy of his brief. Appellant has filed a pro se brief in which he contends that he was not properly admonished. This contention is bottomed upon the following question and answer:

"THE COURT: Are you pleading Guilty because you are guilty and not because of any delusive hope or promise of pardon or parole, or any other kind of benefit?

"DEFENDANT: No, sir."

Taken alone, this question and answer might be a basis for questioning the sufficiency of the admonishment. However, placed in the context in which the question and answer were given, the record reflects the following:

"THE COURT: Are you pleading Guilty in both causes because you are guilty and of your own free will?

"DEFENDANT: Yes, sir.

"THE COURT: Are you pleading Guilty because you are guilty and not because of any fear, or coercion, or force exerted against you by anyone, whomsoever?

"DEFENDANT: Yes, sir.

[Here appear the question and answer set forth above.]

"THE COURT: Are you pleading Guilty because you are guilty and simply because you are guilty, and for no other reason?

"DEFENDANT: Yes, sir.

"THE COURT: In both causes; is that correct?

"DEFENDANT: Yes, sir.

\* \* \* \* \* \*

"THE COURT: Knowing the penalty in both of these cases, each one of them, and knowing what your rights are, do you still desire to change your Plea from Not Guilty to Guilty and waive a jury in Cause No. 1508–X, and do you still desire to change your Plea from Not Guilty to Guilty and waive a jury in Cause No. 72–1509–X, styled the State of Texas vs. Malcolm M. Doody, also known as Michael Warren?

"DEFENDANT: Yes, sir."

In addition to the above, appellant was properly admonished as to the possible punishment for the offenses charged.

We conclude that the admonishment as a whole was sufficient.

The judgments are affirmed.