Roel Garza MUNOZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 50077.

Court of Criminal Appeals of Texas.

June 25, 1975.

Cornelius B. Marsh, IV, Edinburg, for appellant.

Oscar B. McInnis, Dist. Atty., and Jerry E. Andress, Asst. Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. Punishment was assessed by the court at fifteen years.

Alicia Mata testified that appellant and Ricardo Gonzalez got into an argument at the La Esquina Bar in McAllen on May 15, 1973. A short time later Gonzalez was shot outside the bar. He died a few hours later in the McAllen hospital as a result of gunshot wounds.

The sufficiency of the evidence is not challenged.

Appellant complains of the admission into evidence of a dying declaration and of a purported refusal of the jury foreman to ask that the testimony concerning the dying declaration be read.

Officer Alejandro Longoria testified that he arrived at the emergency room of the McAllen hospital shortly after Ricardo Gonzalez was admitted. Officer Longoria asked Gonzalez, "What had happened." Gonzalez said, "Role shot me. * * * Role Munoz at LaEsquina Bar. He is the owner. He shot me. Please help me. I'm dying. * * * . . . Because of some marihuana. He thinks I turned him in."

Article 38.20, Vernon's Ann.C.C.P., provides:

"The dying declaration of a deceased person may be offered in evidence, either for or against a defendant charged with the homicide of such deceased person, under the restrictions hereinafter provided. To render the declarations of the deceased competent evidence, it must be satisfactorily proved:

"1. That at the time of making such declaration he was conscious of approaching death, and believed there was no hope of recovery;

"2. That such declaration was voluntarily made, and not through the persuasion of any person;

"3. That such declaration was not made in answer to interrogatories calculated to lead the deceased to make any particular statement; and

"4. That he was of sane mind at the time of making the declaration."

Officer Longoria testified that Gonzalez repeatedly told him that he "was dying." Longoria also testified that Gonzalez appeared to be "rational." The declaration was not made in response to leading or suggestive questioning and the record reflects that the statement was voluntary. We conclude that the dying declaration of Ricardo Gonzalez was admissible under Article 38.20, supra. See Whitson v. State, 495 S.W.2d 944 (Tex.Cr.App.1973). The fact that this declaration might have mentioned a possible extraneous offense on the part of appellant does not keep it from being admissible. Dying declarations usually have at least as much reliability as the so-called res gestae statements. In the spontaneous or res gestae statement cases, we have held that the fact that an extraneous offense is mentioned in such a statement does not render the statement inadmissible. See Holcomb v. State, 484 S.W.2d 935, Tex.Cr.App., cert. denied, 410 U.S. 940, 93 S.Ct. 1404, 35 L.Ed.2d 606; Lamberson v. State, 504 S.W.2d 894 (Tex.Cr.App.1974);

Calverley v. State, 511 S.W.2d 60 (Tex.Cr. App.1974). Cf. Waffer v. State, 500 S.W.2d 659 (Tex.Cr.App.1973); Arivette v. State, 513 S.W.2d 857 (Tex.Cr.App.1974). The reasoning in these cases should apply to the present case.

We hold that the entire statement in the present case was admissible to show motive for, and who committed, the homicide.

■ Next, appellant contends that there was jury misconduct because the jury foreman would not ask that the testimony of Officer Longoria concerning the dying declaration be read to the jury after it had retired.

Juror Alma Flores testified at the hearing on appellant's motion for new trial that she was "confused" about the dying declaration of Ricardo Gonzalez. The following occurred:

"Q. And you were confused because he testified, you thought he testified that two people shot him, the owner of the bar . . .

"A. Well, I understood the owner, but the rest I guess understood it another way.

"Q. And you wanted either to see the notes or to be exposed to the testimony again?

"A. Yes."

She also testified that she asked the jury foreman, C. D. Hall, to request the court to read back the testimony of Officer Longoria concerning the dying declaration of Ricardo Gonzalez. Flores also testified that Hall and another juror stated that Officer Longoria's testimony could not be read back.

Assuming that the matter is properly before us, the question will be discussed. There is no allegation or showing that any of Officer Longoria's testimony was in dispute to require the reading of the testimony under Article 36.28, Vernon's Ann.C.C.P.

The juror Flores testified that she would not have voted for conviction if Officer Longoria's testimony had been read back. The testimony to the effect that the juror would not have voted for a guilty verdict had the testimony concerning the dying declaration been read is insufficient grounds for a new trial. To allow such would be to permit a consideration of the mental processes of a juror which cannot be done. See Peak v. State, 522 S.W.2d 907 (1975); Luna v. State, 461 S.W.2d 600 (Tex. Cr.App.1970); Simmons v. State, 493 S.W.2d 937 (Tex.Cr.App.1973); Salazar v. State, 494 S.W.2d 548 (Tex.Cr.App.1973), and Adams v. State, 481 S.W.2d 884 (Tex. Cr.App.1972).

No abuse of discretion of the trial judge is shown in overruling the motion for new trial.

The judgment is affirmed.