Roy Anthony **BROUSSARD** and Jarvis Jerome **Yancy**, Appellants,

v.

The **STATE** of Texas, Appellee.

Nos. B14–84–772–CR, B14–84–773–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 8, 1986.

Rayford L. Carter, Houston, for appellants.

John B. Holmes, Jr., James C. Brough, Glen Gotschall, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

Appellants Roy Anthony Broussard and Jarvis Jerome Yancy were co-defendants who were indicted by separate indictments for the criminal offense of aggravated kidnapping. The appellants elected to be tried jointly, were convicted, and the jury sentenced Yancy to fifty years' imprisonment and Broussard to forty-five years' imprisonment. We affirm.

Both appellants allege two identical grounds of error in which they contend the trial court erred in considering "prejudicial hearsay in determining the sufficiency of the evidence to support the conviction" and in receiving "prejudicial evidence of separate alleged extraneous offenses" occurring prior to the case on trial. A brief review of the facts of the case is necessary to understand the nature of the grounds of error.

The complainant, a thirty-eight-year-old female, testified that she was traveling on a freeway in Harris County, Texas, on March 3, 1984, when a tire on her vehicle went flat. Complainant drove to the access road and attempted to change the tire. Because of the late hour, complainant was fearful of being stranded and alone on the access road. She removed a pistol from her vehicle and placed it in the waistband of her skirt in such a manner that it could not be seen. Shortly thereafter, the appellants stopped and rendered assistance. After placing complainant's spare tire on her vehicle, appellant Yancy pulled a gun, stuck it to complainant's neck, pulled and shoved her into their vehicle and covered her face with a service station rag. While driving to appellants' apartment, appellant Yancy told complainant that he expected her to perform oral sex. Complainant feared for her life because she knew the appellants were going to rape her, and she suspected that they might also kill her.

When they arrived at their apartment, the appellants ordered complainant to the bedroom and told her to take her clothes off. Complainant responded that she needed to go to the bathroom first, and both appellants undressed while complainant was in the bathroom. Complainant retrieved her handgun and came out of the bathroom running and firing one shot towards each appellant. As complainant escaped she found a man near the apartment complex swimming pool and advised him of what had happened. The man had his roommate call the police. Complainant remained with these two men for approximately half an hour waiting for the police to arrive.

Both appellants testified and claimed that complainant voluntarily joined them and agreed to go to their apartment. Both appellants deny that either of them had a gun, or that they forced the complainant into their vehicle. After both appellants denied any intent to kidnap and/or rape the

complainant, the state was allowed to cross-examine each appellant in regard to a similar incident. Both appellants were questioned about an attempt to force a woman into their vehicle on May 15, 1982. Appellant Yancy denied the incident occurred, and appellant Broussard admitted that he was present but was only a passenger in the truck, and he denied any attempt to abduct the woman. Each appellant was also questioned regarding another incident on the same evening of May 15, 1982, in which they used the same yellow truck and tried to induce another young woman, Genel Allers, to get into their truck. The state subsequently called and questioned a police officer who was involved with both of the prior attempts to induce a female to get into appellants' vehicle. Ms. Allers was also called as a witness. Both the officer and Ms. Allers were questioned about the victim in the other incident, who had left the state at the time of trial. They each testified as to this victim's injuries.

Although both appellants complain in ground of error one of the hearsay nature of the testimony of the officer and Ms. Allers and in ground of error two of the prejudicial nature of the alleged extraneous offenses, neither appellant has directed this court to any place in the record where these objections were raised at time of trial. Appellants assert that in Volume 5 of the record at pages 333–339, objection was made as to prejudicial hearsay. However, Volume 5 does not have pages 333–339. In Volume 6 on pages 333–339, a colloquy occurred among the court, the state and attorney for appellants, wherein the state discussed its intent to call Ms. Allers to the stand. They discussed the nature of Ms. Allers' testimony, and appellants contended it would be hearsay. The court responded that it would not allow those particular questions. However, no objections were made when appellants were cross-examined about the prior incidents.

■ The general rule is that objections must be specific, *Hernandez v. State*, 599 S.W.2d 614 (Tex.Crim.App.1980), and the objections at trial and on appeal must be the same or nothing is preserved for review. *Vanderbilt v. State*, 629 S.W.2d 709 (Tex.Crim.App.1981). When an objection of "hearsay" was made at trial and a ground of "other offense" was raised on appeal, nothing was preserved for review. *Holcomb v. State*, 484 S.W.2d 938, 940 (Tex.Crim.App.1972), *cert. denied*, 410 U.S. 940, 93 S.Ct. 1404, 35 L.Ed.2d 606 (1973).

■ It is also the general rule that an accused, when taking the stand in his own behalf, may not be attacked by possible extraneous offenses of which he has not been convicted. *Baxter v. State*, 645 S.W.2d 812, 816 (Tex.Crim.App.1983). An exception is created, however, when the accused denies the offense occurred and intent of the accused is placed into issue. It is then permissible to show evidence of prior offenses, even if they are not reduced to a final conviction, when such offenses show a general scheme, motive, design or intent. *See Albrecht v. State*, 486 S.W.2d 97 (Tex.Crim.App.1972). We find no error and grounds of error one and two are overruled.

Although the state did not direct this court's attention to the charge to the jury, we find a limiting instruction therein that is pertinent to these grounds of error. The trial court, in its charge to the jury, included the following:

You are further instructed that if there is any evidence before you in this case regarding the defendant's committing an alleged offense other than the offense alleged against him in the indictment in this case, you cannot consider such evidence for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offense, if any, and even then you may only consider the same in determining *the intent* of the defendant, if any, in connection with the offense, if any, alleged against him in the indictment and for no other purpose (emphasis added).

■ If any error was created by the testimony of the prior similar offenses, the

error was cured by the trial court's limiting instruction.

The judgment of the trial court is affirmed.